E-FILED
Monday, 13 July, 2026 01:09:16 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**BRENDEN CLANTON**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**DOT FOODS, INC.**,

Defendant.

Case No. ______

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Brenden Clanton ("Plaintiff"), individually and on behalf all others similarly situated, for his complaint against Defendant DOT Foods, Inc. ("Defendant") states and alleges as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.
2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").
3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL and IWPCA individually and on behalf of other employees employed by Defendant in the State of Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon the Court by FLSA Section 16(b), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over the state law claims is conferred upon the Court by 28 U.S.C. § 1367(a) because the claims are so related to the FLSA claims as to form part of the same case or controversy.
5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant has a primary place of business in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

### A. Plaintiff

6. Plaintiff is a resident of Winchester, Scott County, Illinois. Plaintiff's Consent to Join form is attached as **Exhibit 1**.
7. Plaintiff was employed by Defendants at their facility in Mount Sterling, Illinois within the relevant time period of this Action, specifically the statutorily required period of the FLSA, IMWL, and the IWPCA.
8. At all relevant times, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.
9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), the IMWL, and the IWPCA.
10. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of good for commerce within the meaning of 29 U.S.C. §§ 206-07.

**B. Defendant**

11. Defendant is, and at all relevant times has been, a for-profit company based in Mount Sterling, Brown County, Illinois, within the jurisdiction of this Court.
12. Defendant provides, and at all relevant times has provided food distribution.
13. Defendant is, and at all relevant times has been, an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA.
14. Defendant is, and at all relevant times has been, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 213(r), in that Defendant through unified operation or common control, engages in the performance of related activities for a common business purpose. These activities constitute (and/or relate to) operating a food distribution service in the furtherance of the business purposes of Defendant's unified business entity.
15. Defendant is, and at all relevant times have been, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL VIOLATIONS

**A. Defendant failed to pay Plaintiff and those similarly situated for all time worked.**

16. At all relevant times, Defendant repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), the IMWL, 820 ILCS 105/1 *et seq*., and the IWPCA, 820 ILCS 115/1 *et seq*., by employing Plaintiff for workweeks longer than forty (40) hours, without compensating them for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

17. At all relevant times, Defendant operated food distribution hubs throughout the country, including at Mount Sterling, Illinois.

18. At all relevant times, Defendant employed non-exempt, hourly paid employees at these food distribution hubs.

19. Plaintiff and his similarly situated co-workers are and were victims of Defendant's compensation scheme of not paying employees based on their time punch times, but instead paying hourly employees based on post-edited, rounded, modified, and inaccurate records which did not include all compensable time worked by those employees.

20. Therefore, Defendant does not and has not paid its employees' hourly-paid wages based upon actual employee time worked or Defendant's own time punch records.

21. Based on its long-standing policy and practice of editing, rounding, or otherwise modifying work time from its non-exempt, hourly-paid employee

time records, Defendant has been systematically underpaying its employees significant sums of wages and overtime compensation on a daily basis.

22. Defendant's conduct described herein has been harming Defendant's employees for many years. Based on information and belief, this time rounding scheme has been harming employees for ten or more years prior to the date this complaint has been filed. Plaintiff's unpaid wages for regular and overtime hours and damages under the FLSA, IMWL, and IWPCA are representative of those owed to all of Defendant's Illinois-based workers subjected to the same time and pay practices described herein.

23. Pursuant to its systematic, class-wide practices, Defendant is not compensating its hourly-paid employees for all time worked.

24. All of Defendant's practices of editing, rounding, or otherwise modifying work time were intentionally performed to Defendant's advantage and to the detriment and harm of Plaintiff and all hourly-paid employees, and are not neutral, as required by the FLSA and Illinois law.

25. Defendant knowingly and willfully violated its employees' rights to earned wages and earned overtime compensation through Defendant's illegal and non-neutral practices described herein.

26. In addition to editing, rounding, or otherwise modifying work time, at all relevant times Defendant is failing and has failed to pay Plaintiff and similarly situated co-workers for time donning and doffing freezer suits before and after their shifts.

27. Because of the temperature of Defendant's facilities, Defendant requires its employees to wear freezer suits that protect them from the cold. This safety

clothing was stored at Defendant's facilities and had to be donned before the start of Plaintiff's and similarly situated employees' scheduled shifts. Conversely, this safety clothing had to be doffed after Plaintiff's and similarly situated employees' scheduled shifts. Plaintiff and similarly situated employees were not able to work inside Defendant's facilities without this safety clothing.

28. Donning and doffing of the safety clothing described above is integral and indispensable to the work performed by Plaintiff and similarly situated employees.

29. Donning and doffing of the safety clothing described above is a component of the work that Defendant hired Plaintiff and similarly situated employees to do.

30. Donning and doffing of the safety clothing described above is an intrinsic element of the activities of Plaintiff and similarly situated employees and one with which they cannot dispense if they are to perform their principal activities.

31. Donning and doffing of the safety clothing described above is compensable work time within the meaning of the FLSA, the IMWL, and the IWPCA.

32. Donning the safety clothing before the shift start was the first principal activity of the day performed by Plaintiff and similarly situated employees.

33. Doffing the safety clothing after the shift end was the last principal activity of the day performed by Plaintiff and similarly situated employees.

34. At all relevant times, Plaintiff and similarly situated employees were not paid for the pre-shift work donning safety clothing or the post-shift work doffing safety clothing.

35. Plaintiff and similarly situated employees who were not paid for pre-shift work donning safety clothing or post-shift work doffing safety clothing regularly worked more than 40 hours a workweek during all times relevant to this Action.

36. Defendant could have easily accounted and paid for the time that Plaintiff and similarly situated employees spent donning and doffing the safety gear described above with its time punch system.

37. Through this Complaint, Plaintiff seeks for himself and all similarly situated hourly-paid employees all wages, overtime compensation, liquidated damages, statutory damages, statutory penalties, and all damages owed, including payment of Plaintiff's attorney's fees and costs.

**B. <u>Defendant's Recordkeeping Violations</u>**

38. The FLSA and state law, including Illinois law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. §211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; 820 ILCS 105/8, § 8.

39. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight

time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

40. Likewise, Illinois law requires employers to make and keep true and accurate records of the name, address and occupation of each of its employees, the rate of pay and amount paid each pay period to each employee, and the hours worked each day in each work week by each employee. *See* 820 ILCS 105/8, § 8.

41. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

42. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

43. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

44. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, the IMWL, and IWPCA, and violated the FLSA's and IMWL's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and others similarly situated as the following opt-in collective ("FLSA Collective"):

> All current and former hourly employees of Defendant, including temporary workers if applicable, who were not paid for all work time, including those who were subject to Defendant's practice of editing, rounding, or otherwise modifying work time and those who were not paid for pre- and post-work donning and doffing time, and who worked 40 or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint, through final disposition of this matter ("FLSA Collective Members").

46. Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described herein, which resulted in unpaid overtime.

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Plaintiff is representative of those others similarly situated and is acting on behalf of their interests as well as his own in bringing this action.

48. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and the FLSA Collective Members for (1) all hours worked and/or recorded, and (2) time

spent donning and doffing freezer suits, resulting in Defendant failing to pay Named Plaintiff and similarly situated employees an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

49. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## ILLINOIS CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS MINIMUM WAGE LAW

50. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of persons employed by Defendant in Illinois within the last three (3) years ("IMWL Class") defined as:

> All current and former hourly employees of Defendant employed at one or more of Defendant's locations in the State of Illinois, including temporary workers if applicable, who were not paid for all work time, including those who were subject to Defendant's practice of editing, rounding, or otherwise modifying work time and those who were not paid for pre- and post-work donning and doffing time, and who worked 40 or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint, through final disposition of this matter.

51. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential IMWL Class but, upon information and belief, avers that it consists of at least several hundred people.

52. There are questions of law or fact common to the IMWL Class including whether Defendant failed to pay its employees for all work time, including overtime, because of its practice of editing, rounding, or otherwise modifying such times in an unlawful and non-neutral manner, and in its own favor.

53. Plaintiff will adequately protect the interests of the IMWL Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the IMWL Class members. Plaintiff's counsel has broad experience in handling class action wage and hour litigation and is fully qualified to prosecute the claims of the IMWL Class in this case.

54. The questions of law or fact that are common to the IMWL Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the IMWL Class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring IMWL Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many IMWL Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## ILLINOIS CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

56. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of persons employed by Defendant in Illinois within the last ten years ("IWPCA Class") defined as:

> All current and former hourly employees of Defendant employed at one or more of Defendant's locations in the State of Illinois, including temporary workers if applicable, who were not paid for all work time, including those who were subject to Defendant's practice of editing, rounding, or otherwise modifying work time and those who were not paid for pre- and post-work donning and doffing time, at any time from ten (10) years preceding the filing of this Complaint, through final disposition of this matter.

57. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential IWPCA Class but, upon information and belief, avers that it consists of at least several hundred people.

58. There are questions of law or fact common to the IWPCA Class including whether Defendant failed to pay its employees for all work time, including regular and overtime wages, because Defendant unlawfully and non-neutrally edited, rounded, or otherwise modified in Defendant's own favor, their recorded time worked.

59. Plaintiff will adequately protect the interests of the IWPCA Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the IWPCA Class members. Plaintiff's counsel has broad experience in handling class action wage and hour litigation and is fully qualified to prosecute the claims of the IWPCA Class in this case.

60. The questions of law or fact that are common to the IWPCA Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the IWPCA Class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring IWPCA Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many IWPCA Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE: FLSA OVERTIME VIOLATIONS**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

64. As hourly non-exempt employees, Plaintiff and similarly situated employees should have been paid overtime compensation at a rate of one and one-half

times their properly calculated regulate rate of pay for all hours that they worked over forty (40) hours in a workweek.

65. Plaintiff and similarly situated employees were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

66. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

67. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Plaintiff and similarly situated employees is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

68. As a result of Defendant's violations of the FLSA, Plaintiff and similarly situated employees were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO: ILLINOIS MINIMUM WAGE LAW VIOLATIONS**

69. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70. The IMWL requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of one and one-half times the employee's wage rate.

71. As hourly non-exempt employees, Plaintiff and similarly situated employees should have been paid overtime compensation at a rate of one and one-half times their properly calculated wage rate for all hours that they worked over forty (40) hours in a workweek.

72. Plaintiff and similarly situated employees were not paid lawful overtime compensation of one and one-half times their properly calculated wage rate for all hours worked in excess of forty (40) in a workweek, resulting in violations of the IMWL.

73. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Plaintiff and similarly situated employees is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

74. As a result of Defendants' violations of the IMWL, Plaintiffs were injured in that they did not receive all overtime compensation due to them pursuant to the IMWL.

## COUNT THREE: ILLINOIS WAGE PAYMENT AND COLLECTION ACT VIOLATIONS

75. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76. Plaintiff and similarly situated employees were not paid for all work time, including unpaid donning and doffing, and/or work time recorded but not paid due to Defendant's application of its non-neutral scheme of editing, rounding, or otherwise modifying employees' time clock punches.

77. Defendant violated, and is violating, the IWPCA by failing to pay Plaintiff and similarly situated employees all wages earned for all hours worked at the hourly rates of pay Defendant agreed to pay them for the work they performed.

78. The IWPCA requires Defendant and employers generally to pay employees for all time they worked at the rate agreed to by the parties.

79. Plaintiff and similarly situated employees accepted Defendant's offer of hourly based wages.

80. During the course of employment, Defendant failed to pay Plaintiff and similarly situated employees for all time they worked at agreed rates of hourly pay because Defendant was not paying for donning and doffing or for all work time recorded on Defendant's time clocks due to Defendant's scheme of editing, rounding or otherwise modifying employees' time clock punches.

81. Because of this violation, Defendant must pay Plaintiff and similarly situated employees damages for all unpaid straight time and all unpaid overtime owed for up to 10 years preceding the date this Complaint is filed, plus pay all treble damages, as well as statutorily required damages, plus all attorney's fees, costs and expenses.

82. The exact total amount of overtime compensation that Defendant failed to pay Plaintiff and the IWPCA Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

83. Defendant's failure to pay all wages due under the IWPCA to Plaintiff and the IWPCA Class Members entitles them to the unpaid wages and "damages of 5%

of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." IWPCA, 820 ILCS 115/14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);
2. Certify this case as a class action under Fed. R. Civ. P 23 as to the IMWL Class;
3. Certify this case as a class action under Fed. R. Civ. P 23 as to the IWPCA Class;
4. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, the IMWL Class pursuant to the IMWL, and the IWPCA Class pursuant to the IWPCA;
5. Award Plaintiff and the putative IWCPA class members actual damages for unpaid wages;
6. Award liquidated damages to the maximum amount permitted by applicable law (100% under the FLSA and 200% under the IMWL);
7. Award Plaintiff, the IMWL Class and IWPCA class statutory damages for overtime wage violations pursuant to the 5% interest penalties per month for IMWL and IWPCA violations;

8. Award Plaintiff, the IMWL Class and IWPCA class treble damages, statutory damages, attorney's fees, costs and expenses for IMWL and IWCPA violations;
9. Award Plaintiff and the putative class attorneys' fees, costs and disbursements; and
10. For such further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

**NILGES LEGAL GROUP, LLC**

*/s/ Robi Baishnab*
Robi Baishnab (OH 0085195)
700 W. St. Clair Ave., #320
Cleveland, Ohio 44113
(330) 470-4428
rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Attorney for Plaintiff*