E-FILED
Thursday, 08 October, 2026 05:24:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| BRENDEN CLANTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DOT FOODS, INC.,<br><br>Defendant. | ) | Case No. 3:26-cv-03223-SEM-DJQ |

**<u>JOINT MOTION TO STAY LITIGATION PENDING ARBITRATION</u>**

Defendant Dot Foods, Inc. ("Dot Foods") and Plaintiff Brenden Clanton ("Plaintiff"), by and through their attorneys, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), move this Court for an order compelling this case to arbitration and staying this litigation pending arbitration. In support of this Motion, the Parties state as follows:

1. Plaintiff filed a Collective and Class Action Complaint on July 13, 2026. Dkt. No. 1.

2. In his Complaint, Plaintiff alleges Dot Foods failed to pay him and similarly situated hourly employees for all hours worked. Doc. No. 1, ¶¶ 16-37.

3. Plaintiff signed an arbitration agreement on August 15, 2025, providing that any claim arising out of or relating to his employment with Dot Foods would be decided by arbitration. **Exhibit A.**

4. On October 2, 2026, Plaintiff served a settlement demand on Dot Foods, which expects to provide a response shortly.

5. Dot Foods' counsel conferred with Plaintiff's counsel, and Plaintiff consents to arbitration and the stay of this litigation.

6. Because the Parties are consenting to arbitration, this Court should stay Plaintiff's claims against Dot Foods pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (recognizing that a district court must stay the proceeding when a lawsuit involves an arbitrable dispute).

WHEREFORE, the parties respectfully request the Court compel this matter to arbitration and stay this litigation pending arbitration.

Dated: October 8, 2026.

Respectfully submitted,

*/s/ Jennifer L. Ralph*
Jennifer L. Ralph #6327471
Husch Blackwell LLP
120 South Riverside Plaza, Ste 2200
Chicago, IL 60606
Telephone: 312.665.1500
Facsimile: 312.665.1501
Jennifer.ralph@huschblackwell.com

*Attorney for Defendant Dot Foods, Inc.*

NILGES LEGAL GROUP, LLC

*/s/*
Robi Baishnab (OH oo85195)
700 W. St. Clair Ave., #320
Cleveland, 0hio 44113
(330) 470-4428
rbaishnab@ohlaborlaw.com

Hans A. Nilges (0H Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, 0H 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 8th day of October, 2026, by operation of the Court's electronic filing system to all parties' counsel of record.

*/s/ Jennifer L. Ralph*
Jennifer L. Ralph
*Attorney for Defendant Dot Foods, Inc.*

# EXHIBIT A

# ILLINOIS EMPLOYEE ARBITRATION AGREEMENT & WAIVER

By signing this document, and in exchange for the Employer's agreement to hire you as an at will employee, you agree that:

1. Any dispute, controversy, claim, grievance, and/or cause of action that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to your employment with Dot Foods, Inc. or Dot Transportation, Inc. and/or any of their affiliates (collectively referred to as "Employer" herein), shall be submitted to and decided by binding arbitration in Springfield, Illinois in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq*. (or the Illinois Uniform Arbitration Act, 710 ILCS 5/1, *et seq*., if the undersigned employee is exempt from the Federal Arbitration Act) governed by Illinois law without regard to conflict of law principles, and administered by JAMS in accordance with its Employment Arbitration Rules in effect at the time the arbitration is commenced, provided that the Employer pays all costs of arbitration (including arbitrator's fees) except for: (a) your attorney fees and expenses and (b) your share of the arbitration filing fee, up to $200 maximum.

2. Class action, collective action, and/or representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this agreement. Neither you nor Employer will assert class action, collective action, and/or representative action claims against the other in arbitration or otherwise. You shall only submit your own, individual claims in arbitration and will not seek to represent the interests of any other person. Any claims by you will not be joined, consolidated, or heard together with claims of any other employee.

3. The arbitrator(s) may award actual damages and/or reinstatement, but may not award any punitive, special, consequential or indirect damages.

4. Any award made in arbitration shall be final and binding upon you and Employer, and judgment on any such award may be entered in any court of competent jurisdiction.

5. If any part of this agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed, and such adjudication shall not affect the validity of the remainder of the agreement to arbitrate.

6. This agreement to arbitrate and waiver shall extend beyond your term of employment by Employer and can only be revoked or modified in a writing signed by both you and a duly authorized representative of Employer which specifically states an intent to revoke or modify this agreement.

7. You acknowledge that this agreement in no way limits or restricts your right to:
   (i) report any good faith allegation of unlawful employment practices to any appropriate federal, State, or local government agency enforcing discrimination laws;
   (ii) report any good faith allegation of criminal conduct to any appropriate federal, State, or local official;
   (iii) participate in a proceeding with any appropriate federal, State, or local agency enforcing discrimination laws;
   (iv) make any truthful statements or disclosures equired by law, regulation, or legal process; and
   (v) request or receive confidential legal advice.

8. You have been given the opportunity to fully review and comprehend the terms of this agreement. You understand the terms of this agreement. You understand and agree that you may be giving up certain rights afforded to you in civil court actions including the right to a jury trial and the right to bring a claim against the Employer as a member of a class action, collective action, and/or representative action. You understand and agree that this agreement does not have

the purpose or effect of preventing you from making truthful statements or disclosures about employment practices which you may allege to be unlawful under Illinois law, if applicable. Nevertheless, you freely and voluntarily accept the terms of this agreement.

Employee Name Brenden Clanton

Signature Electronically Signed By Brenden Thomas Cl...

Date 8/15/2025